UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIO TONY DRAKES,<br><br>    Plaintiff,<br><br>    v.<br><br>OAKLAND POLICE DEPARTMENT; et al.,<br><br>    Defendants.<br>_____ / | No. C 05-3915 SI (pr)<br><br>**ORDER OF DISMISSAL** |

Dario Tony Drakes, an inmate at the California Correctional Center in Susanville, has filed a pro se civil rights action under 42 U.S.C. § 1983. In his complaint, Drakes seeks damages because his criminal trial was delayed for a week in February without explanation, false evidence was presented at his criminal trial, and the defense attorneys lied to him about evidence. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint has three fatal defects. First, Drakes cannot obtain damages for the alleged constitutional violations during his criminal trial under the Heck rule. The case of Heck v. Humphrey, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. See id. at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. See id. The Heck rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or other decision -- would imply that the conviction or other decision was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action for damages; the decision must have been successfully attacked before the civil rights action for damages is filed. Heck bars Drakes' claims that his constitutional rights were violated by the delay in his criminal trial, the presentation of false evidence in that trial, and the alleged ineffectiveness of his attorneys because success on any of those claims would imply that the conviction was invalid. These causes of action for damages do not accrue until Drakes' conviction is set aside.[1]

---

[1] If Drakes wants to challenge his conviction in federal court, he must file a petition for writ of habeas corpus because a petition for writ of habeas corpus is the exclusive method by which he may challenge a state court conviction in this court. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). However, before he may file a federal petition, Drakes must exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court. See 28 U.S.C. § 2254(b)(1)(A),(c); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). Information available on the California Court of Appeal's website indicates that Drakes' appeal is quite new and the opening brief has not yet been filed. See http://appellatecases.courtinfo.ca.gov/search/dockets.cfm?dist=1, as visited on December 14, 2005 for People v. Drakes, No. A111032.

Second, regardless of whether <u>Heck</u> applies, Drakes cannot assert a § 1983 claim for relief against his public or private defense attorneys for their performance in connection with his criminal trial and handling of evidence in connection with the trial. A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. <u>Polk County v. Dodson</u>, 454 U.S. 312, 318-19 (1981). Private defense attorneys also would not be acting under color of state law when performing similar functions. Thus, Drakes cannot sue his criminal defense attorneys in federal court for their actions taken as defense attorneys in connection with his criminal case.

Third, the superior court judge listed among the defendants has absolute judicial immunity against Drakes' claim that the start of the trial was delayed or false evidence was introduced at the trial because the alleged acts were judicial acts. A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. <u>See</u> <u>Pierson v. Ray</u>, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. <u>See</u> <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985).

The complaint fails to state a claim upon which relief may be granted. Leave to amend will not be granted because it would be futile. This action therefore is dismissed. The clerk shall close the file.

IT IS SO ORDERED.

Dated: December 19, 2005

_____
SUSAN ILLSTON
United States District Judge

3